UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ELLIOTT, | No. 2:22-cv-1323 AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

The complaint alleges that defendants Lynch, Leatherman, Ehlers, Shearer, Pitts, McKenna, and Campose violated plaintiff's rights under the First, Eighth, and Fourteenth Amendments. ECF No. 1. Specifically, plaintiff asserts that Leatherman and Ehlers directed Campose to write him up for indecent exposure, and Campose proceeded to distribute the paperwork—which labeled plaintiff as a sex offender—to other inmates in an effort to have plaintiff killed. Id. at 4-6. The attempt to have plaintiff killed was intended to cover up the fact that Leatherman and Ehlers took plaintiff's inheritance money. Id. Plaintiff further alleges that Leatherman and Ehlers sexually harassed him and that on August 22, 2021, they did not feed him and kept him "locked inside of a CAP'ed cell." Id. at 8-9. Lynch allegedly failed to help plaintiff despite knowing that he was not safe, that defendants took his money, and that he had been sexually harassed, denied food, and locked in a "CAP'ed" cell. Id. at 7.

IV.   Claims for Which a Response Will Be Required

Plaintiff's allegation that Campose deliberately notified other inmates that plaintiff was sex offender in an effort to get plaintiff killed is sufficient to state a claim against relief against Campose. See Valdez v. Marques, No. 21-cv-1500 MMA (RBM), 2021 WL 4690511, at *3-4 (S.D. Cal. Oct. 7, 2021) (identifying inmate as a sex offender in from of other inmates for purpose of putting him at risk of assault states a claim under Eighth Amendment) (collecting cases). If

3

plaintiff chooses to proceed on the complaint as screened, Campose will be required to respond to this claim.

V.     Failure to State a Claim

    A. Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Plaintiff does not make any allegations against defendants Shearer, Pitts, and McKenna and therefore fails to state any claims against these defendants.

Furthermore, "[t]here is no respondeat superior liability under section 1983," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), and plaintiff has not alleged facts showing either Lynch's personal involvement in the alleged violations or a causal connection between Lynch's conduct and the violation, see Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). It appears that Lynch has been named as a defendant based solely on his position as warden, which is insufficient to state a claim for relief. To the extent plaintiff alleges that Lynch knew about the alleged constitutional violations, there are no facts showing that Lynch was aware of an *ongoing* violation of plaintiff's rights such that he had the opportunity to intervene or take some other corrective action.

    B. Property

The unauthorized deprivation of property by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy, Hudson v. Palmer, 468 U.S. 517, 533 (1984), and "California Law provides an adequate post-deprivation remedy for any property deprivations," Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895). Plaintiff's allegations that his money was stolen therefore fail to state a claim for relief.

////

////

C. Retaliation

In order to state a claim for retaliation, plaintiff must allege facts showing that the defendants took adverse action against him and that they were motivated to do so by plaintiff' protected conduct. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (citation omitted). Although plaintiff indicates that he believes he was subject to retaliation (ECF No. 1 at 7-10), there are no facts demonstrating that any defendant was motivated by plaintiff's protected conduct. Plaintiff has therefore failed to state a claim for retaliation against any defendant.

D. Sexual Harassment

"Although prisoners have a right to be free from sexual abuse, . . . , the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (internal citation omitted). While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the latter to be in violation of the constitution." Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citing Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000)); Austin, 367 F.3d at 1171-72 (officer's conduct was not sufficiently serious to violate the Eighth Amendment where officer exposed himself to prisoner but never physically touched him).

Plaintiff has not alleged sufficient details to demonstrate that the harassment he experienced rose to the level of an Eighth Amendment violation and therefore fails to state a claim for relief based upon Leatherman and Ehlers' alleged sexual harassment.

E. Conditions of Confinement

Plaintiff's allegations that Leatherman and Ehlers did not feed him and kept him "locked inside of a CAP'ed cell" on August 22, 2021, are insufficient to state a claim for relief. Plaintiff fails to explain what a "CAP'ed" cell is or how the conditions of the cell violated his rights, nor does he offer any facts regarding how many meals he was denied. He therefore fails to state a claim for relief based upon either of these allegations. See Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("[O]nly those deprivations denying 'the minimal civilized measure of life's necessities'

5

are sufficiently grave to form the basis of an Eighth Amendment violation." (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991))); Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009) ("The *sustained* deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." (emphasis added) (citation omitted)).

      F.    Disciplinary Charges

Plaintiff's allegations that Leatherman and Ehlers directed Campose to write him up for indecent exposure are insufficient to state a claim for relief. To the extent plaintiff is attempting to allege that the allegations are false, false statements by a correctional officer do not violate an inmate's constitutional rights and cannot, based on alleged falsity alone, support a claim under 28 U.S.C. § 1983. See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("[T]here are no procedural safeguards protecting a prisoner from false retaliatory accusations."); accord, Freeman v. Rideout, 808 F.2d 949 (2d Cir. 1986); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Furthermore, there are no facts demonstrating that these defendants knew or directed Campose to use the write-up to label plaintiff as a sex offender to other inmates.

VI.    Leave to Amend

For the reasons set forth above, the court finds that the only cognizable claim in the complaint is an Eighth Amendment claim against defendant Campose based upon Campose identifying plaintiff as a sex offender to other inmates. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Campose on his Eighth Amendment claim based on identifying plaintiff as a sex offender or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his Eighth Amendment claim against defendant Campose without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a

voluntarily dismissal without prejudice of all other claims and defendants.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated an Eighth Amendment claim against defendant Campose based on his identifying you as a sex offender to other inmates. You have not stated any other claims for relief against Campose or against any other defendant.

////

You have a choice to make. You may either (1) proceed immediately on your Eighth Amendment claim against Campose and voluntarily dismiss all other claims and defendants or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims against defendant Campose except for the Eighth Amendment claim based upon Campose identifying you as a sex offender and all claims against Lynch, Leatherman, Ehlers, Shearer, Pitts, and McKenna. If you choose to file a first amended complaint, it must include all the claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's allegations against defendants Lynch, Leatherman, Ehlers, Shearer, Pitts, and McKenna do not state any claims for which relief can be granted. Plaintiff has also failed to state any claims for relief against defendant Campose other than the Eighth Amendment claim based upon Campose identifying plaintiff as a sex offender.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment claim against defendant Campose as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court

will assume that he does not wish to amend and will recommend dismissal without prejudice of all claims against defendant Campose except for the Eighth Amendment claim based upon Campose identifying plaintiff as a sex offender and all claims against Lynch, Leatherman, Ehlers, Shearer, Pitts, and McKenna.

DATED: December 29, 2022

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ELLIOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF LYNCH, et al.,<br><br>    Defendants. | No. 2:22-cv-1323 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claim against defendant Campose based on Campose identifying him as a sex offender to other inmates without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all other claims against Campose and all claims against Lynch, Leatherman, Ehlers, Shearer, Pitts, and McKenna pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                            _____
                                            Christopher Elliott
                                            Plaintiff pro se

1