IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ELLIOTT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. CAMPOSE,<br><br>　　　　　Defendant. | No. 2:22-CV-1323-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Christopher Elliott, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Defendant's motion to dismiss arguing: (1) Plaintiff fails to state facts sufficient to sustain his Eighth Amendment claim; and (2) Defendant Campos is entitled to qualified immunity. ECF No. 27. Plaintiff filed an opposition, Defendant filed a reply, and Plaintiff filed a response to the reply. ECF Nos. 29, 32, 33.

As explained below, because Plaintiff does not allege that Defendant knew that Defendant's actions would lead to substantial risk of serious harm, the complaint is insufficient.[1]

///

///

///

---

[1] Because the Court finds that Plaintiff fails to state a claim, the Court does not address Defendant's qualified immunity argument.

1

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

**I. BACKGROUND**

**A.**   **Procedural History**

Plaintiff brought suit against Defendant Campose and other employees at California State Prison – Sacramento (CSP-Sac.). ECF No. 1. The Court found service appropriate only for Plaintiff's Eighth Amendment safety claim against Defendant Campose. ECF No. 9. Plaintiff chose to voluntarily dismiss all other defendants and claims and proceed solely on his claim against Defendant Campose. See ECF No. 12. The Court ordered service on Defendant Campose on January 19, 2023. See ECF No. 13. This case has been related to Elliott

v. Campose, 2:22-cv-1236-KJM-DMC, in which Plaintiff alleges that Defendant Campose denied him food, retaliated against him, and harassed him. ECF No. 24 (related case order).

### B. Plaintiff's Allegations

Plaintiff alleges that Defendant Campose tried to have Plaintiff killed. ECF No 1 at 4. Defendant allegedly did so to try to cover up the theft of the money Plaintiff's deceased grandfather left to Plaintiff. Id. Defendant allegedly wrote up Plaintiff an "IEX," or rules violation report, which included that Plaintiff was a sex offender. Id. at 5. According to Plaintiff, Defendant then passed out copies of the IEX to other inmates, including gang members. Id. Plaintiff claims that he had to walk to video court with the inmates after the IEX was shared. Id.

## II. DISCUSSION

Defendant argues that Plaintiff fails to present a cognizable Eighth Amendment safety claim because: (1) Plaintiff does not allege that Defendant labeled him as a sex offender; and (2) Plaintiff does not sufficiently allege that he faced a substantial risk of serious harm. ECF No. 27 at 6.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer, 511 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the plaintiff must show that prison officials disregarded a risk.  Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

Defendant requests the Court take judicial notice of the IEX, also referred to as a Rules Violation Report, which is a California Department of Corrections and Rehabilitation official record, and which is referenced in but not attached to the complaint.  ECF No. 28, Exhibit C.  This request should be granted.[2]  The IEX lists the specific act as: "Indecent Exposure Without Prior Convictions for PC 314."  Id.  It lists the classification level as "Serious" and notes that felony prosecution is likely.  Id.  The IEX describes that Plaintiff was seen by a correctional officer on February 25, 2021, lying nude on his bed and masturbating.  Id.

---

[2]  Under Federal Rule of Evidence 201, a court may take judicial notice of court records and other matters of public record. See, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995); Sherman v. Reisig, No. 2:10–cv–02939, 2010 WL 5169067,*2 n.2 (E.D. Cal. Dec.14, 2010). The court may also take judicial notice of documents referenced in, but not attached to, the complaint. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998). Judicial notice is also appropriately taken of the official records of the California Department of Corrections and Rehabilitation. Brown v. Valoff, 422 F.3d 926, 931 n.7 (9th Cir. 2004).

1         Defendant argues that because the IEX does not explicitly label Plaintiff as a sex offender, but merely suggests he was doing an offensive sexual act, Plaintiff cannot allege he was in fact labeled a sex offender. As support, Defendant cites an unpublished district court decision that states "[b]eing charged with indecent exposure, of itself, fails to state a claim for failing to protect plaintiff or deliberate indifference." Sharihorne v. Adams, 2006 WL 2085268, at *2 (E.D. Cal. July 25, 2006), report and recommendation adopted, 2006 WL 2666066 (E.D. Cal. Sept. 15, 2006). Defendant also relies on Morris v. Yavari, 2022 WL 18494649, at *6 (C.D. Cal. Nov. 29, 2022), report and recommendation adopted, 2023 WL 1071989 (C.D. Cal. Jan. 27, 2023). According to Defendant:

> . . . In *[Morris v.] Yavari*, the Court determined that "simply identif[ying] [an inmate] as having been accused of, and possibly guilty of, indecent exposure" does not equate to branding an inmate as "a known sexual predator." *[Morris v.] Yavari*, 2022 WL 18494649, at *6. Similarly here, the Court should not accept Plaintiff's false and contradictory allegation that his IEX paperwork labeled him as a sex offender. To the contrary, based on the documents that Plaintiff himself provides, Officer Campos did not label him as a sex offender and there is no reason for the Court to find that Plaintiff's IEX charges are akin to identifying him as a known sexual predator. Accordingly, Plaintiff's Eighth Amendment claim based on allegations that Officer Campos labeled him as a sex offender should be dismissed.

ECF No. 27, pg. 8.

        Defendant's argument is persuasive. This case is similar to both Sharihorne and Morris in that Plaintiff was charged with indecent exposure which is not the same as labeling Plaintiff a sex offender. Amending the complaint will not cure this fundamental defect in Plaintiff's claim.

///
///
///
///
///
///
///

## III.  CONCLUSION

Based on the foregoing, the Court recommends as follows:

1. Defendant's request for judicial notice, ECF No. 28, be GRANTED.

2. Defendant's motion to dismiss, ECF No. 27, be GRANTED and that this action be dismissed without leave to amend for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 16, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE